**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Damon Lee,<br><br>    Petitioner,<br><br>vs.<br><br>S. Lake, Warden,<br><br>    Respondent. | No. CV 15-039-TUC-DCB (LAB)<br><br>**REPORT AND RECOMMENDATION** |

On January 26, 2015, Tracy Damon Lee, an inmate confined in the Federal Correctional Institution in Safford, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1)  Lee claims the BOP improperly sanctioned him with the loss of 54 days of good conduct time after he was found in possession of contraband. *Id.*

The respondent, Warden S. Lake, filed an answer opposing the petition on April 7, 2015. (Doc. 9)  Lee did not file a reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for Report and Recommendation.  The petition should be denied on the merits.

Summary of the Case

Lee is currently incarcerated at the Federal Correctional Institution in Safford, Arizona. (Doc. 9-2, ¶ 3)  At the time of the disciplinary incident at issue here, he was an inmate in the Special Housing Unit in Lompoc, California.  *Id.*, ¶ 4

On September 22, 2009, a correctional officer found in Lee's cell "six razor blades and three pieces of metal approximately one and one-half inches long, sharpened to a point, with one melted to a toothbrush in the form of a lock-picking device." (Doc. 9-2, ¶ 4) An incident report was prepared charging Lee with Possession of a Weapon, a Code 104 prohibited act, and Possession of a Lock Picking Device, a Code 208 prohibited act. *Id*.

The incident report was delivered to Lee and investigated. (Doc. 9-2, ¶ 5) Lee admitted that the items were his, but he argued they were not weapons, just tools he used to fix radios and headphones. (Doc. 9-2, ¶ 5); (Doc. 9-3, p. 6)

The Discipline Hearing Officer (DHO) found Lee guilty of Code 108, possession of a hazardous tool, and Code 208, possession of a lock picking device. (Doc. 9-2, ¶ 5) He states in his affidavit that he intended to sanction Lee with the loss of 27 days of good conduct time for each offense, a total of 54 days. (Doc. 9-2, ¶ 6) The original DHO report, however, gave the sanction as 34 days. (Doc. 9-2, ¶ 7) The DHO states this was a typographical error. (Doc. 9-2, ¶ 7)

Lee administratively appealed the disciplinary action on due process grounds, but his appeal was denied. (Doc. 9-2, ¶ 7) During the review process, the DHO sent a corrected[1] copy of his report to Lee on June 3, 2011. *Id*.

Lee then administratively appealed the sentence itself, the 54 days. His appeal was denied after the Warden contacted the DHO, who explained that the "34" in the original report was a typographical error. (Doc. 9-2, ¶ 8) Lee's final Central Office Administrative Remedy Appeal was denied on November 6, 2014.

Previously, on January 6, 2014, Lee filed in this court his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his amended petition, filed on March 26, 2014, he

---

[1] The court notes that the "corrected" copy is not a model of clarity. (Doc. 9-3, pp. 44-45) The report lists Lee's offenses and the sanction imposed for each offense, but it does not clearly indicate that each offense was punished with a sanction of 27 days. The report has a "27" placed next to the stated offense, "Code 108," but it has a *blank* next to the stated offense,"Code 207 [sic]." *Id*. The missing "27" appears at the bottom of the previous page. *Id*. "Code 207" prohibits "wearing a disguise or a mask." 28 C.F.R. 541.13. It is apparently another typographical error.

1 argued his procedural due process rights were violated because his disciplinary hearing was held
2 three days later than it should have been according to BOP regulations. CV 14-136-TUC-LAB,
3 (Doc. 5)  The respondent filed an answer on May 29, 2014. *Id.*, (Doc. 10)  This court denied
4 the petition on the merits on December 3, 2014. *Id.*, (Doc. 20)

5       On January 26, 2015, Lee filed the pending petition for writ of habeas corpus pursuant
6 to 28 U.S.C. § 2241.  (Doc. 1)   Lee again challenges the BOP's handling of this disciplinary
7 incident.  Now, he claims the BOP improperly sanctioned him with the loss of 54 days of good
8 conduct time.  *Id.*  Lee maintains the DHO intended to sanction him with the loss of only 34
9 days because the DHO believed the contraband items were tools, not weapons.  *Id.*  He further
10 argues that according to the "amended" report, he was sanctioned with a loss of 27 days for the
11 Code 108 offense and a loss of zero days for the Code 207 [sic] offense. *Id.*

12       The respondent filed an answer on April 7, 2015 arguing the petition should be dismissed
13 as an abuse of the writ or, in the alternative, denied on the merits.  The court finds that the
14 petition should be denied on the merits.  The court expresses no opinion on the respondent's
15 alternative arguments.

17       <u>Discussion</u>

18       Lee claims  the BOP erroneously sanctioned him with the loss of 54 days of good time
19 credit.  He argues the DHO intended to sanction him with the loss of only 34 days, as stated in
20 the original disciplinary report, because he accepted Lee's explanation that the contraband items
21 were tools and not weapons.  In the alternative, Lee argues the  DHO intended to sanction him
22 with the loss of only 27 days because that is what the amended report seems to indicate.  On that
23 report there is a "27" placed in line with the stated offense, "Code 108," but there is a *blank* in
24 line with the stated offense,"Code 207 [sic]."  (Doc. 9-3, pp. 44-45)

25       The court agrees that the amended disciplinary report is not a model of clarity.  However,
26 the court finds that the BOP was correct in imposing a total sanction of 54 days of good time
27 credit for violating Code 108, possession of a hazardous tool, and Code 208, possession of a
28 lock picking device. (Doc. 9-2, ¶ 5) That is the sanction that the DHO intended to impose.  He

says as much in his affidavit. (Doc. 9-2, ¶ 6)  Lee concedes that the DHO had the authority to impose a sanction of that size.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition on the merits.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived.  The Local Rules permit a response to an objection.  They do not permit a reply to a response.

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 26th day of May, 2015.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge